IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LEVI RUDDER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 5:22-CV-062-H-BQ |
| § | |
| UNITED STATES GOVERNMENT, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND
### RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pro se Plaintiff Levi Rudder alleges, among other things, that Defendant the United States of America (United States) has impermissibly and invisibly amended the United States Constitution, as well as denied without due process his right to practice federal law. Compl. 1, ECF No. 1.[1] The United States moves to dismiss Rudder's claims under Fed. R. Civ. P. 12(b)(1) and (6). Mot. 1, ECF No. 12. The United States argues that it is immune from suit and the Court therefore lacks jurisdiction to decide Rudder's claims. *Id.* at 2–3. Alternatively, the United States contends Rudder has no constitutional right to practice federal law without a license, nor was he denied adequate process. *Id.* at 3–7. Rudder filed a response and appendix on June 30, 2022 (ECF Nos. 18, 19), and the motion is ripe for review. *See* ECF No. 13 (setting an expedited briefing schedule on the United States' Motion and eliminating the reply deadline).

The same day the United States responded to Rudder's Complaint, Rudder filed a Motion for Default Declaratory Judgment, alleging that the United States failed to timely answer. ECF No. 10. Because Rudder has not met the requirements for obtaining a default judgment, the

---

[1] Page citations to Rudder's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

undersigned recommends the United States District Judge **DENY** the motion. Further, the undersigned recommends the district judge **GRANT** the United States' Motion to Dismiss under Rule 12(b)(1) and dismiss this action without prejudice because Rudder has not demonstrated that the United States waived sovereign immunity for his claims. Finally, the undersigned recommends that the United States District Judge **DENY** Rudder's request for leave to amend, subject to the provision discussed in Section III.C herein.

## I. Background

### A. Rudder's Allegations

In his Complaint, Rudder alleges that the United States "has amended the structure/separation of powers the U.S. Constitution established, by a process not permitted by the Constitution." Compl. 1. Rudder maintains the United States has also added or amended powers set forth in the Constitution, which Rudder describes as "an invisible amendment." *Id.* According to Rudder, this purported amendment resulted in the denial of "his liberty right to practice federal law, without due process."[2] *Id.* Rudder asserts that because he cannot practice federal law, he is unable to "petition the Government for a redress of grievances" and is denied the right to select legal counsel of his choice. *Id.* Other than this generalized complaint, Rudder lodges no constitutional challenge to a specific statute or governmental action, save for the allegation in his

---

[2] Rudder's Complaint does not allege specific facts supporting this claim. *See* Compl. 1. Based on subsequent filings, however, it appears Rudder applied "for admittance/registration to practice law before" the United States Supreme Court but was denied. Mot. for Default 8–9, ECF No. 10. In his "application," Rudder states, "I have never been a member of any bar, or taken any bar exam, but this is not believed to be a requirement to practice as a competent representative of the People before" the Supreme Court. *Id.* at 9. Rudder apparently believes the United States has no authority to regulate the practice of law because such a power is not specified in the Constitution. *See* Resp. 5–6, ECF No. 18 (alleging that "the Government is exerting regulating authority over something absent from the Constitution" and that Rudder is being denied the right "to give a [law] license to any person [he] . . . deem[s] competent to represent him in a legal proceeding"). This "unconstitutional usurpation of power," Rudder contends, is a "restriction[] on the People's Liberties" that would have "require[d] the Government to amended [sic] the U.S. Const. by an Art. V process." *Id.* at 6. Rudder explains that "[t]he root of this case is emphatically centered on a claim that the Government has violated the U.S. Const. Art. V protections when adding and/or amending governmental powers, and amending the structure/separation of powers" by allegedly regulating the practice of law. *Id.* at 4.

default judgment motion that the United States Supreme Court denied his application for admission to practice before that court.

### B. Rudder's Motion for Default Judgment

Rudder asserts that the United States failed to timely respond to the summons served on it and therefore asks the Court to enter a default declaratory judgment under Rule 55 of the Federal Rules of Civil Procedure. Mot. for Default 1–2. Among other things, Rudder attaches certified mail receipts reflecting the date he mailed copies of the summons and Complaint to the United States Attorney's Office for the Northern District of Texas, as well as the United States Attorney General. *Id.* at 6; *see* ECF Nos. 8, 9.

### C. The United States' Motion to Dismiss

#### 1. The United States' Position

The United States first argues that the Court lacks subject-matter jurisdiction because "the United States has not waived sovereign immunity for any of [Rudder's] claims." Mot. 2. The United States maintains "[t]here is nothing in [Rudder's] allegations to suggest he meets the conditions placed upon the limited waiver of sovereign immunity by the United States on any of his claims." *Id.* at 3. Thus, the United States argues the Court should dismiss Rudder's claims under Rule 12(b)(1). *Id.* at 2–3.

Alternatively, the United States contends that Rudder has not stated a claim upon which relief can be granted, and the Court should dismiss his claims under Rule 12(b)(6). *Id.* at 3–7. In the United States' view, "it appears [Rudder] is complaining of the inability to practice federal law alleging that he was deprived of a liberty interest governed by the Due Process Clause." *Id.* at 4; *see id.* at 6 ("Regardless of exactly how [Rudder] characterizes his claim or what specific actions he focuses on, it remains the case that [he] is complaining about his inability to practice federal

3

law without a law license."). The United States asserts that the Court must engage in a two-step analysis to determine whether the "government has deprived a person of life, liberty, or property without due process of law." *Id.* at 4 (citing *Ingraham v. Wright*, 430 U.S. 651, 672 (1977)). The United States alleges that Rudder has not pleaded facts demonstrating that (1) the ability to practice law is a constitutionally-protected interest, and (2) "the procedures employed by the United States fell short of what were 'due.'" *Id.* at 5–6.

2. *Rudder's Response*

Rudder's arguments largely do not distinguish between those addressing the alleged lack of subject-matter jurisdiction and the purported failure to plead sufficient facts to state a claim. As to the Court's subject-matter jurisdiction, Rudder contends that in stating "U.S. Government Defendant jurisdiction," he "set forth a short and plain statement of the grounds upon which the court's jurisdiction depends." Resp. 2 (cleaned up). Rudder maintains that he merely did not "site [sic] the source as being 28 U.S. Code Chapter 85- District Courts; Jurisdiction § 1346 (a)(2)." *Id.* In addition, Rudder refers to paragraphs 3, 4, 5, 6, and 8, alleging that they contain facts supporting jurisdiction, including "that there [is] actually a federal question involved." *Id.* at 2, 5.

Further, Rudder asserts that the United States has waived sovereign immunity under §§ 1346(a)(2), 2201, and 2202. *Id.* at 3. Rudder confirms that he is not seeking monetary damages—only declaratory relief. *Id.*; *see id.* at 9 (stating that he seeks "no monetary relief"). According to Rudder, even if the foregoing statutes do not waive immunity, the United States possesses no sovereign immunity "over this type of claim." *Id.* at 3. Specifically, Rudder argues:

> Immunity must be granted and not seized or conjured out of thin air from the supreme authority. As all power originates in the People themselves, if a power was not granted to the Government, the Government isn't authorized to exert authority over it; if that Government isn't authorized to exert authority over something, immunity doesn't protect the Government.

*Id.* Rudder similarly contends:

> [S]urely the Government isn't asserting that the People who created the Government never intended themselves and their posterity to enforce the Constitution respectfully and peacefully in the form of petitioning the Government in court to protect their Liberties that the Constitution was 'ordain[ed] and establish[ed] to secure; the Founders didn't grant immunity to the Government to suits, and in a couple of instances say as much . . . .

*Id.* at 7 (alterations in original).

In any event, Rudder believes that the Government and/or the Court bear the burden of determining the basis of the Court's subject-matter jurisdiction. Rudder states that "the Government never claims [it] couldn't find the statute [forming the jurisdictional basis of Rudder's claims], or that [it] [was] unaware of anything that gave this Court jurisdiction." *Id.* at 2. Instead, Rudder believes the United States "erroneously claimed that [he] failed to state a basis for jurisdiction" solely to cause delay and "needlessly increase the cost of litigation. *Id.* at 2, 10. Moreover, Rudder asserts that under a "common sense" approach purportedly set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), he is relieved of the burden of demonstrating jurisdiction and the Court must "determine, or assist in determining what courts have subject matter jurisdiction over" his claims. *Id.* at 5.

Ultimately, Rudder contends that the Court should look past the issues of subject-matter jurisdiction and whether his facts are well-pleaded and instead reach "the merits of the case." *Id.* at 8 ("Procedural rules may be appropriate for limiting cases amongst the People, in common law, but not to deter or prevent, the People from seeking redress from their Government, when they have a grievance caused by the Government."). In the event the Court grants the United States' Motion under either 12(b)(1) or (6), however, Rudder asks the Court to direct the United States to provide a more definite statement "of what the Defendant would need to fairly appreciate the claims made against [it]." *Id.* at 9. Rudder also requests that the Court transfer the case to the

proper court if the Court finds it lacks subject-matter jurisdiction, and he seeks leave to amend his Complaint. *Id.*

## II. Legal Standard

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which a party may obtain a default judgment. Securing a default judgment involves three steps: "(1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court." *Mills v. Berryhill*, No. 3:17-cv-2698-N-BN, 2018 WL 1055614, at *1 (N.D. Tex. Jan. 18, 2018) (citing *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Brown*, 84 F.3d at 141; *see* Fed. R. Civ. P. 55(a). Where "that failure is shown by affidavit or otherwise," a plaintiff is entitled to entry of default by the Clerk. Fed. R. Civ. P. 55(a). "After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default." *Mills*, 2018 WL 1055614, at *1.

The court may not enter a default judgment against the United States unless the plaintiff "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Default judgments are a drastic remedy and highly disfavored. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).

### B. Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction" and can only adjudicate claims where jurisdiction is conferred by statute or the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court may properly dismiss a case "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."

6

*Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

"Sovereign immunity and subject matter jurisdiction are distinct doctrines."[3] *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995). "Sovereign immunity is," however, "jurisdictional in nature" and can be resolved on a Rule 12(b)(1) motion to dismiss. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *see Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."); *De Archibold v. United States*, No. 303CV1871-N, 2006 WL 763059, at *1 (N.D. Tex. Mar. 24, 2006) (stating that "the waiver of sovereign immunity is a fundamental prerequisite to subject matter jurisdiction").

When analyzing a Rule 12(b)(1) motion, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party responding to a 12(b)(1) motion, i.e., the party asserting jurisdiction, bears the burden of establishing that jurisdiction exists. *Id.*

### C. Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In

---

[3] The Court understands the United States as seeking dismissal under Rule 12(b)(1) only on the basis that Rudder's allegations do not demonstrate "he meets the conditions placed upon the limited waiver of sovereign immunity." Mot. 3.

considering 12(b)(6) motions, courts must accept well-pleaded facts (not mere conclusory allegations) as true and view them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555 (explaining that a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (stating that courts accept all well-pleaded facts as true, but "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility" (quoting *Iqbal*, 556 U.S. at 678)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Discussion

#### A. Rudder is not entitled to default judgment.

Rudder has failed to meet the first step for obtaining a default judgment—the Defendant's default. Rule 12(a)(2) provides that the United States must answer or otherwise plead to a plaintiff's complaint "within 60 days after service on the United States attorney." Fed. R. Civ. P. 12(a)(2). Rudder submitted a certified mail receipt showing the day he purportedly *mailed* the summons and copy of his Complaint to the United States Attorney's Office for the Northern District of Texas—April 18, 2022. Mot. for Default 6. The tracking number associated with that receipt reflects that the Postal Service delivered Rudder's mailing April 20. *See* U.S. Postal Serv., https://tools.usps.com/go/TrackConfirmAction_input (type "70192970000158471319" in the

tracking bar; then click "Track") (last visited July 8, 2022). Thus, the United States' responsive pleading was due no later than June 19, 2022—i.e., "60 days after service *on* the United States attorney."[4] Fed. R. Civ. P. 12(a) (emphasis added); *see* Fed. R. Civ. P. 6(a)(1). Because June 19 was a Sunday, however, and June 20 was a federal holiday, the United States was required to file its responsive pleading by June 21. Fed. R. Civ. P. 6(a)(1).

The United States filed its Motion to Dismiss on June 21, 2022. ECF No. 12. Rudder has not shown the United States "failed to plead or otherwise respond to [his] complaint within the time required by the Federal Rules." *Brown*, 84 F.3d at 141; *see Roland v. Texas*, No. 4:21-CV-00415-SDJ-CAN, 2021 WL 7283079, at *2 (E.D. Tex. Dec. 22, 2021) ("It is well established that '[t]he filing of a motion to dismiss is normally considered to constitute an appearance.'" (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989)). He therefore cannot obtain a default judgment.

Moreover, Rudder did not file a written request for entry of default by the Clerk's Office, as required by Federal Rule 55(a) and Northern District of Texas Local Civil Rule 55.3. *See* Mot. for Default 2 (asking "[t]he Court . . . to enter the proposed order attached to this motion"—a

---

[4] Rudder contends that the sixty-day time period should be calculated based on the day he placed the documents in the mail. Mot. for Default 1 ("The 60-day timeline that the summons stipulates that the defendant must respond within, which the FRCP 6(a)(1) states starts (4-19-2022) the day after mailing, ended on June 17, 2022."). Rudder is incorrect. "'Service by mail of a summons and complaint is effective upon receipt, not upon mailing,'" and "Rule 5(b)'s provision that service by mail is completed upon mailing does not apply to the service of a summons and complaint under Rule 4." *Gutierrez v. Principi*, No. 01-1229 JP/RLP, 2002 WL 35649515, at *2 (D.N.M. Dec. 12, 2002) (citation omitted). Thus the United States' response time did not begin to run until it actually received the summons and complaint. *Id.*; *see, e.g., Reed v. Comm'r of Soc. Sec.*, No. 18-11431, 2020 WL 2836307, at *4 (E.D. Mich. May 31, 2020) ("[Plaintiff] appears to argue that Rule 12(a)(2)'s 60-day clock begins to run on the date that the plaintiff mails the summons and complaint. But such a construction of the rule is mistaken, as the time does not begin to run until the plaintiff *serves* the documents," which is "the date that the [United States Attorney's] office received the summons and complaint."); *Fox v. U.S. Postal Serv.*, No. 18-10901, 2018 WL 6843372, at *3 (E.D. Mich. Oct. 31, 2018) ("Regarding the mailed service, plaintiff mistakenly counts defendants' time to respond from the day the documents were mailed. However, the time does not [begin] to run until the documents are served."), *aff'd*, No. 19-1450, 2019 WL 8619622 (6th Cir. Oct. 30, 2019); *see* ECF No. 6 (providing that the United States must respond to a plaintiff's complaint "[w]ithin [60] days after service of this summons *on*" it (emphasis added)); *Heber v. United States*, 145 F.R.D. 576, 577 (D. Utah 1992) (calculating sixty-day time period from the day the summons and complaint "were served *on* the United States" (emphasis added)).

declaratory judgment—but making no request for entry of default by the Clerk's Office). On this basis, denial of Rudder's motion is likewise appropriate. *McCoy v. SC Tiger Manor, LLC*, No. 19-723-JWD-SDJ, 2022 WL 619922, at *4 (M.D. La. Feb. 11, 2022) (explaining that plaintiff's request to enter default judgment was "not properly before the [c]ourt because [p]laintiff ha[d] not requested entry of default from the Clerk of Court"); *Raymond v. Flagstar Bank*, No. SA-20-CA-1439-FB (HJB), 2022 WL 1119069, at *2 (W.D. Tex. Jan. 18, 2022) (recommending denial of plaintiff's motions for default judgment in part because plaintiff had not requested entry of default); *Taylor v. City of Baton Rouge*, 39 F. Supp. 3d 807, 813 (M.D. La. 2014) ("Once the Clerk of Court has found a defendant to be in default, the Court may enter a default judgment against the defaulting defendant, upon motion by the plaintiff.").

For these reasons, the undersigned recommends that the United States District Judge deny Rudder's Motion for Default Declaratory Judgment. *See Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019) ("Because the defendant timely appeared and defended the case, there is no basis for the Clerk of Court to enter a default under Rule 55(a), even if the plaintiff had requested entry of default."); *Boice-Durant v. Kenner Police Dep't*, No. 12–603, 2013 WL 1305585, at *1 (E.D. La. Mar. 28, 2013) ("The entry of a clerk's default under Rule 55(a) is predicated on a defendant's failure to timely respond to a plaintiff's complaint, and thus effective service is a prerequisite to the entry of a clerk's default.").

### B. Rudder has failed to demonstrate that the United States has waived sovereign immunity as to his claims.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. The Court therefore first considers whether Rudder has met his burden to establish subject-matter jurisdiction.

10

The United States contends that Rudder's Complaint fails to establish a waiver of sovereign immunity, such that the Court lacks subject-matter jurisdiction. Mot. 2–3. In so arguing, the United States makes only a facial attack on Rudder's Complaint. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "A facial attack on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (internal quotation marks omitted).

In his Complaint, Rudder does not cite a single statute and only generally names "the U.S. Constitution" without naming a specific amendment. Compl. 1. He also maintains that naming the United States as a Defendant, as well as suing for a purported violation of the Constitution, establishes jurisdiction, standing alone. *Id.* ("U.S. Government Defendant jurisdiction."); *see* Resp. 9. Indeed, on the Civil Cover Sheet attached to Rudder's Complaint, Rudder indicated that the basis of jurisdiction was "U.S. Government Defendant" and he is suing under the "United States Constitution." Compl. 2.

In his Response, Rudder makes the conclusory statement that the United States is not entitled to sovereign immunity from claims such as those raised in this case.[5] *See* Resp. 3, 7. Rudder also references, both in his Response and proposed supplemental complaint, § 1346(a)(2), as well as §§ 2201 and 2202, arguing that those statutes waive the United States' immunity. *Id.* at 2–3; ECF No. 19, at 2. He further states that paragraph 8 of his Complaint "show[s] that there [is] actually a federal question involved." Resp. 2; *see* ECF No. 19, at 2 (citing 28 U.S.C. § 1331).

"In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir.

---

[5] In part, Rudder's argument is based on the belief that the people of the United States have not granted sovereign immunity to the United States government. *See* Resp. 7, 10.

11

2007). This is because "[a]n individual cannot sue the United States without its consent." *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. Unit B 1982). Stated differently, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Meyer*, 510 U.S. at 475. The waiver "must be unequivocally expressed in statutory text" and cannot "be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

The Constitution does not "waive the federal government's sovereign immunity," nor does the general "federal question" statute, 28 U.S.C. § 1331. *De Archibold*, 2006 WL 763059, at *2; *see Shanbaum v. United States*, 32 F.3d 180, 182 (5th Cir. 1994) (providing that "28 U.S.C. § 1331 is a general jurisdiction statute and does not provide a general waiver of sovereign immunity"). Thus, Rudder's contention that the Court may "determine the existence of subject matter jurisdiction" because he is asserting "a Constitutional challenge against the Governments [sic] actions" that implicates a federal question is not sufficient. Resp. 2, 6. Rudder must show that the United States has waived sovereign immunity through some other statutory authority.

Rudder's attempt to demonstrate a waiver under § 1346(a)(2), although not mentioned in his Complaint, is likewise unavailing.[6] Under § 1346(a)(2), known as the Little Tucker Act, the United States has waived sovereign immunity for certain civil actions for monetary damages "founded either upon the Constitution, or any Act of Congress," among other things.[7] *See United*

---

[6] The Court notes that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced" in his complaint. *Merrell Down Pharms. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986); *see Griffith v. Cinepolis USA, Inc.*, No. 3:20-cv-3455-G-BN, 2021 WL 3059412, at *4 (N.D. Tex. June 28, 2021) (explaining that "a plaintiff may not amend his allegations through a response to a motion to dismiss"), *R. & R. adopted by* 2021 WL 3054865 (N.D. Tex. July 20, 2021). In the interest of judicial economy and because Rudder is proceeding pro se, however, the undersigned addresses the purported statutory bases for a waiver of sovereign immunity raised in Rudder's Response and his proposed supplemental complaint.

[7] Section 1346(a)(2) provides that "[t]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of" civil claims "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any

*States v. Bormes*, 568 U.S. 6, 10 (2012) ("The Little Tucker Act is one statute that unequivocally provides the Federal Government's consent to suit for certain money-damages claims."). "The Little Tucker Act and its companion statute, the Tucker Act, § 1491(a)(1), do not themselves 'creat[e] substantive rights,' but 'are simply jurisdictional provisions that operate to waive sovereign immunity for claims premised on other sources of law.'" *Id.* (footnote omitted) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)).

"Because neither the Tucker Act nor Little Tucker Act create substantive rights, a Tucker Act claimant 'must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" *Sammons v. United States*, No. SA–16–CV–1054–FB, 2017 WL 3473224, at *3 (W.D. Tex. Feb. 7, 2017) (quoting *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983)). "The 'founded upon the Constitution' clause of the Tucker Act has been limited to apply only to the Takings Clause, . . . because only that clause contemplates payment by the federal government." *Rothe Dev. Corp. v. U.S. Dep't of Def.*, 194 F.3d 622, 625 (5th Cir. 1999) (emphasis omitted). Thus, "[i]n order for a claim to be brought under either the Tucker Act or the Little Tucker Act, the claim must be for monetary relief; it cannot be for equitable relief, except in very limited circumstances not at issue here." *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007); *see Lee v. Thornton*, 420 U.S. 139, 140 (1975) ("The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief."); *Brazos Elec. Power Co-op, Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998) (describing the recovery of "monetary damages from the public fisc of the United States" as "the touchstone of Tucker Act

---

express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . ." The Little Tucker Act applies to claims not exceeding $10,000 (*see id.*), while its companion statute, the Tucker Act, applies where the amount-in-controversy is more than $10,000. *See* 28 U.S.C. § 1491(a).

13

jurisdiction"); *Reich v. Berryhill*, No. 3:18-CV-2946-B, 2019 WL 2772114, at *3 (N.D. Tex. July 2, 2019) ("Important to this case, to bring a claim under either the Tucker or Little Tucker Act, the claim must be for monetary relief.").[8]

Rudder does not seek monetary damages in this action. *See* Compl. 1. To the contrary, Rudder clearly denies seeking monetary relief. *See* Resp. 9 (stating "that no monetary relief is sought"); *see also* Mot. for Default 3–4 (setting forth proposed declaratory judgment order, which makes no mention of monetary relief). Because Rudder does not seek monetary damages, the Little Tucker Act, i.e., § 1346, cannot supply this Court with jurisdiction. *See, e.g.*, *Jones v. Alexander*, 609 F.2d 778, 780–81 (5th Cir. 1980) (explaining that because plaintiff "moved to amend the complaint to strike the prayer for actual damages," the Tucker Act no longer supplied a basis for jurisdiction, as "that Act only applies to suits for money damages"); *Moon v. Chapa*, No. EP-13-CV-387-FM, 2014 WL 12663102, at *5 (W.D. Tex. June 5, 2014) ("To the extent [plaintiff] seeks declaratory or injunctive relief, he cannot rely on the [Tucker] Act for jurisdiction."); *Garza v. Clinton*, No. H-10-0049, 2010 WL 5464263, at *4 (S.D. Tex. Dec. 29, 2010) ("Because [plaintiff] does not assert a right to payment of money and does not request monetary relief, the Tucker Act does not confer this Court with jurisdiction over his claims."); *Tavera v. Harley-Bell*, No. 09-cv-0299, 2010 WL 1308800, at *2 (S.D. Tex. Mar. 31, 2010) (concluding that the Little Tucker Act did not confer jurisdiction over plaintiff's claims, where she did not allege "that the government owe[d] her money damages" and only sought "reimbursement of attorneys' fees . . . in the event that her substantive equitable claims [were] vindicated").

Finally, Rudder suggests that the Declaratory Judgment Act (DJA), § 2201, confers jurisdiction. *See* Resp. 2–3. Section 2201, however, merely provides an additional remedy for

---

[8] "While limited equitable relief is sometimes available in Tucker Act suits, the equitable relief must be incidental and collateral to a claim for money damages." *Gonzales & Gonzales*, 490 F.3d at 943 n.3.

parties when jurisdiction exists. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950) ("[T]he requirements of jurisdiction—the limited subject matters which alone Congress had authorized the District Courts to adjudicate—were not impliedly repealed or modified" by the DJA.); *Jones*, 609 F.2d at 781 ("The Declaratory Judgment Act is not an independent ground for jurisdiction; it permits the award of declaratory relief only when other bases for jurisdiction are present."). And, the DJA does not, in and of itself, waive the United States' sovereign immunity. *See, e.g., Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956) ("[T]he Declaratory Judgments Act, 28 U.S.C. § 2201, does not grant any consent of the United States to be sued."); *Brooks v. U.S. Dep't of Educ.*, No. 3:18-cv-01450-D (BT), 2019 WL 4279615, at *3 (N.D. Tex. Aug. 16, 2019) (Section "2201 does not operate to waive sovereign immunity or to confer jurisdiction on the federal courts."), *R. & R. adopted by* 2019 WL 4277042 (N.D. Tex. Sept. 10, 2019); *Judhani v. Holder*, No. 3:10–CV–1256–B, 2011 WL 1252661, at *4 (N.D. Tex. Mar. 9, 2011) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, . . . does not operate in and of itself to waive sovereign immunity or to confer jurisdiction on the federal courts."), *R. & R. adopted by* 2011 WL 1252605 (N.D. Tex. Mar. 31, 2011).[9]

---

[9] In quoting language pulled from a Department of Justice website, Rudder also makes vague reference to the Administrative Procedure Act (APA). *See* Resp. 3. The APA provides as follows:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

5 U.S.C. § 702. The APA undoubtedly generally acts as a waiver of the United States' sovereign immunity. In the Fifth Circuit, however, "a plaintiff suing a federal agency must identify some agency action affecting him in a specific way and must show that he has suffered legal wrong because of it." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 308 (5th Cir. 2021) (internal quotation marks and citation omitted). Here, Rudder has failed to do so. Moreover, the APA specifically excludes from its waiver non-agency federal entities, including Congress and "the courts of the United States" (5 U.S.C. § 701(b)(1)(A), (B)), and has been construed as excluding the President as well. *See Alexander v. Trump*, 753 F. App'x 201, 206 (5th Cir. 2018) (per curiam) (finding APA's sovereign immunity waiver did not apply to claim against the President seeking "restor[ation] of his constitutional rights and investigation into

Because Rudder has not demonstrated that the United States has waived sovereign immunity for the claims against it, the undersigned recommends that the district judge grant the United States' Motion under Rule 12(b)(1).

### C. Rudder's request to amend should be denied.

In his Response, Rudder "request[s] permission to amend" his Complaint. Resp. 9. Rudder also submits a supplemental complaint (ECF No. 19) that he explains "is just a restatement of the original" Complaint and is merely "offered to help clarify" his claims. Resp. 9. Rudder proposes, however, that should the "supplemental complaint" cure the deficiencies raised in the United States' Motion to Dismiss, the Court should "use it as the primary complaint without waiving any issues contained in either." *Id.*

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case," particularly when "the trial court has dismissed the complaint for failure to state a claim." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977)). Where "it is clear that the defects are incurable," however, "or [where] the

---

his harm"). Thus, even liberally construing Rudder's Complaint as alleging that the United States Supreme Court or the Congress caused him to suffer a legal wrong (*see supra* note 2), Rudder's attempt to establish jurisdiction under the APA fails. *See Wash. Legal Found. v. U.S. Sent'g Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994) ("[W]e have interpreted the APA exemption for the Congress to mean the entire *legislative* branch." (internal quotation marks omitted)); *McKissock & Hoffman, P.C. v. Waldron*, No. 10–7108, 2011 WL 3438333, at *2–3 (E.D. Pa. Aug. 5, 2011) (observing that "Congress specifically precluded judicial review of the courts of the United States under the APA by excluding them from the definition of agency" and concluding that plaintiff could not challenge the Third Circuit clerk of court's decision under the APA (internal quotation marks omitted)); *Kurtz v. United States*, 798 F. Supp. 2d 285, 289 (D.D.C. 2011) ("Because the APA explicitly excludes the courts of the United States from its definition of an agency, 5 U.S.C. § 701(b)(1)(B), it does not waive the United States' sovereign immunity with respect to the plaintiff's claims against the United States based upon the allegations regarding the dismissed federal judicial defendants."). Moreover, to the extent Rudder sues the United States in this Court seeking review of the Supreme Court's denial of his request for admission to practice law, district courts lack subject matter jurisdiction to review actions of the Supreme Court. *See Kurtz*, 798 F. Supp. 2d at 290 n.6 (citing *Gallo-Rodriguez v. Sup. Ct. of the U.S.*, No. 08-1890 (RWR), 2009 WL 3878073, at *1 (D.D.C. Nov. 19, 2009)).

plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal," the court need not provide leave to amend. *Id.*

Rudder's Response and proposed supplemental complaint indicate that he is both unwilling and unable to cure the deficiencies in his Complaint. As discussed above, the Court finds Rudder's claims are barred by sovereign immunity. Rudder has not shown that he can or is willing to cure that deficiency, despite being placed on notice of such through the United States' Motion. *See* Resp. 7, 10 (asserting that sovereign immunity was never lawfully granted to the United States by "the Founders"); ECF No. 19, at 2–6 (setting forth Rudder's proposed supplemental complaint, in which he further expounds but does not alter the essence of his claims or the named Defendant). Moreover, Rudder wrongly believes that the United States and/or the Court bear the burden of determining a jurisdictional basis for his claims.[10] Resp. 2 (accusing the United States of "erroneously claim[ing] that Mr. Rudder failed to state a basis for jurisdiction" instead of conducting a "reasonable inquiry" into his pleading), 5 (maintaining that the Court is required "to determine, or assist in determining what courts have subject matter jurisdiction over this type of claim"). That is, Rudder is standing firm in his belief that "it is critical to get to the merits of the case" rather than curing the deficiencies identified by the United States, which strongly suggests

---

[10] In another attempt to shift his pleading burden, Rudder moves the United States to file a more definite statement to explain "what the Defendant would need to fairly appreciate the claims made against [it]." Resp. 9. Initially, the Court observes that Rule 12(e) only applies to "a pleading to which a responsive pleading is allowed." Fed. R. Civ. P. 12(e). Under Rule 7(a), a "pleading" includes "a complaint; an answer to a complaint; [and] an answer to a counterclaim." Fed. R. Civ. P. 7(a). A motion to dismiss is not a pleading. *See Zaidi v. Ehrlich*, 732 F2d 1218, 1220 (5th Cir. 1984). Rudder is therefore not entitled to relief under Rule 12(e). *See, e.g., Moore v. Napolitano*, No. 07-2666, 2009 WL 3347351, at *2 (E.D. La. Oct. 14, 2009) ("Rule 12(e) does not authorize [plaintiff's] motion for more definite statement with respect to [defendant's] motion to dismiss."). More importantly, however, Rudder is the master of his complaint. *Cody v. Allstate Fire & Cas. Ins. Co.*, 19 F.4th 712, 715 (5th Cir. 2021). It is not the United States' duty—or the Court's—to articulate Rudder's claims or to otherwise decipher a jurisdictional basis. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon."); *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) ("But the plaintiff remains the master of his complaint and is, in the end, the person responsible for articulating the facts that give rise to a cognizable claim."). Despite receiving notice of the defects in his pleading, Rudder maintains that his claims are clearly meritorious, the United States and the Court have simply failed to appreciate them. *See* Resp. 2, 4–6, 9–10.

he is unwilling to cure the lack of subject-matter jurisdiction. *Id.* at 8. Accordingly, the undersigned recommends that at this stage, the district judge deny Rudder's perfunctory request to amend because amendment would be futile and cause needless delay. *See, e.g., Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 4:21-cv-0910-O, 2022 WL 426593, at *14 (N.D. Tex. Feb. 11, 2022) (observing that "district courts generally disapprove of 'routine and perfunctory' requests to amend that are thrown in as a 'safety valve' in the event a court rules in favor of the defendant, 'particularly where a plaintiff's claims are clearly deficient" (citation omitted)); *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, No. 3:12–cv–1607–O, 2014 WL 360291, at *8 (N.D. Tex. Feb. 3, 2014) (recommending denial of leave to amend, in part because the court found plaintiffs' state-law claims were barred by sovereign immunity and could not be cured through an amended pleading).

Nevertheless, the court should generally permit pro se plaintiffs "every reasonable opportunity to amend." *Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998). Therefore, if within the fourteen-day objection period Rudder files a motion to amend with a complete proposed amended complaint, as required by N.D. Tex. Local Civil Rule 15.1, that sets forth an adequate basis demonstrating a waiver of the United States' sovereign immunity, the undersigned recommends that the United States District Judge reconsider whether granting leave to amend is appropriate.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the United States District Judge **DENY** Plaintiff Levi Rudder's Motion for Default Judgment. ECF No. 10. Further, the undersigned recommends that the United States District Judge **GRANT** the United States' Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure and dismiss without

prejudice Rudder's Complaint and all claims raised therein. Finally, the undersigned recommends that the United States District Judge **DENY** Rudder's request for leave to amend, absent Rudder filing a motion to amend with a complete proposed amended complaint, as required by N.D. Tex. Local Civil Rule 15.1, that sets forth an adequate basis demonstrating a waiver of the United States' sovereign immunity, within the fourteen-day objection period.

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: July 20, 2022.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE