UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LEVI RUDDER,

    Plaintiff,

v.                                                                  No. 5:22-CV-062-H-BQ

UNITED STATES GOVERNMENT,

    Defendant.

# ORDER

United States Magistrate Judge D. Gordon Bryant made Findings, Conclusions, and a Recommendation (FCR) (Dkt. No. 20) regarding Levi Rudder's Motion for Default Declaratory Judgment (Dkt. No. 10); the government's Motion to Dismiss (Dkt. No. 12); and Rudder's request to amend his complaint (Dkt. No. 18 at 9). Judge Bryant recommended that the Court (1) deny Rudder's motion for a default judgment; (2) grant the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and dismiss without prejudice Rudder's complaint and all of his claims; and (3) deny Rudder's request for leave to amend unless, within the fourteen-day objection period, Rudder filed a motion to amend with a complete proposed amended complaint that set forth an adequate basis demonstrating a waiver of the United States' sovereign immunity. Dkt. No. 26.

For the reasons stated below, the Court accepts and adopts the FCR. The Court denies Rudder's motion for default judgment, grants the government's motion to dismiss, denies Rudder's request to amend his complaint, and dismisses the claims against the government. As explained below, the Court also overrules Rudder's objections to the magistrate judge's lack of recusal and the Court's previous orders denying a hearing and a

more definite statement. Lastly, the Court denies Rudder's motion for a pretrial conference as moot in light of the Court's dismissal of Rudder's claims.

1.    **Background**

The Court adopts the magistrate judge's articulation of the facts. Dkt. No. 20 at 2–6. As such, only a brief summary is necessary here.

Rudder filed a complaint against the government, alleging that the government "invsisibly amend[ed] the U.S. Constitution," denying him of "his liberty right to practice federal law." Dkt. No. 1 at 1. As a result, Rudder alleges, he has been restricted of his "right to petition the [g]overnment for a redress of grievances" and "have his case presented by an agent of his own choosing to represent him at court." *Id.*

Although he did not allege any facts supporting his claims in his complaint (*see* Dkt. No. 1), Rudder's subsequent filings indicate that prior to his suit, he attempted to submit an "application for admittance/registration to practice law before [the Supreme Court of the United States]." Dkt. No. 10 at 9. As he explained in that "application," Rudder "ha[s] never been a member of any bar, or taken any bar exam, but this is not believed to be a requirement to practice as a competent representative of the People before this Court." *Id.* Rudder received a letter from the Clerk's office of the Supreme Court of the United States informing him that the Supreme Court was unable to assist him in this matter. *Id.* at 8.

Rudder's complaint here does not raise any specific constitutional challenge or point to any statute or other governmental action. *See* Dkt. No. 1 at 1. Instead, he simply argues that the government has violated the Constitution by invisibly amending it to permit the government to regulate the practice of law. *Id.* Rudder also requests that he be "granted permanent admittance to practice law in any court." *Id.*

**2.     Legal Standards**

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. §636(b)(1). For an objection to be reviewed de novo it must be "specific and clearly aimed at particular findings in the magistrate judge's proposal." *United States v. Swinton*, 251 F. Supp. 3d 544, 549 (W.D.N.Y. 2017) (citation omitted); *see* Fed. R. Civ. P. 72(b)(2). "Objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013) (internal quotation marks omitted). An objection that merely disagrees with a recommendation, or simply summarizes what has been presented before, is also not sufficient to trigger de novo review. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

**3.     Analysis**

Many of Rudder's objections are either restatements of arguments made in his complaint or arguments that have been thoroughly addressed by the FCR. The Court therefore finds it unnecessary to address some of these objections but does so out of an abundance of caution. The Court concludes that the magistrate judge's findings and conclusions (Dkt. No. 20) are correct and adopts them. All of Rudder's objections are overruled.

**A.     Rudder's Motion for Default Judgment**

Rudder objects to Judge Bryant's recommendation that his motion for default judgment be denied. Dkt. No. 9–11. As in his motion (*see* Dkt. No. 10 at 1), Rudder once

again argues that the 60-day time frame for the United States to respond to Rudder's complaint began the day after mailing the complaint. Dkt. No. 26 at 9. Thus, according to his understanding, the government had until June 17, 2022 to respond to his complaint. *Id.* at 10.

Nevertheless, as the magistrate judge correctly pointed out, because the 60-day timeline began after the government received the summons and complaint, the government's responsive pleading was not due until June 19, 2022. Dkt. No. 20 at 8–9. And because June 19 was a Sunday and June 20 was a federal holiday, the government was not required to file its responsive pleading until June 21. *Id.* at 9 (citing Fed. R. Civ. P. 6(a)(1)). Rudder's complaint that the government "didn't have to wait until the last day" lacks any merit (Dkt. No. 26 at 11); the government filed its motion to dismiss by the required deadline (*see* Dkt. No. 12). Additionally, Rudder did not request that the Clerk enter a default before he filed his motion for default judgment as required Federal Rule of Civil Procedure 55(a) and Northern District of Texas Local Civil Rule 55.3. Therefore, this objection is overruled.

### B. The Government's Motion to Dismiss for Lack of Jurisdiction

Rudder also objects to the magistrate judge's recommendation that the district judge grant the government's motion to dismiss under Rule 12(b)(1). The magistrate judge thoroughly analyzed this claim and found that Rudder had failed to demonstrate that the United States waived sovereign immunity for the claims against it. Dkt. No. 20 at 16. Rudder appears to argue that (1) the Court has a duty to assist in revealing whether it has jurisdiction; (2) because issues of jurisdiction are intertwined with "the constitutionality of sovereign immunity, the amending of statutes['] plain language by the courts, [and] Judges

making rules about jurisdiction without constitutional authority," the Court has jurisdiction; and (3) it would be "hard" to show facts "sufficient for the [C]ourt[] to find jurisdiction." Dkt. No. 26 at 12.  None of Rudder's arguments alter the FCR's analysis or indicate that Rudder can show that the United States has waived sovereign immunity.  *See id.*  Thus, Rudder's objections are overruled.  The Court will follow the magistrate judge's recommendation to dismiss all of Rudder's claims against the government.

### C.  Allowing Rudder to Amend His Complaint

In addition, Rudder objects to Judge Bryant's recommendation that his request to amend his complaint be denied.  As the magistrate judge noted, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Rudder argues that he would be willing to address the defects in his complaint "[i]f the Court finds any deficiencies."  Dkt. No. 26 at 13.  Rudder alleges, however, that the Court has not pointed out any deficiencies (*id.*), even though the magistrate judge explained in his FCR that Rudder's complaint is deficient because his "claims are barred by sovereign immunity" (Dkt. No. 20 at 17).  And even if Rudder were willing to address the complaint's defects, he still fails to show that his amended complaint would resolve them.  *See* Dkt. No. 26 at 13.  Therefore, an amendment here would be futile and cause needless delay.  *See Jenkins v. Tarrant Cnty. Sheriff's Off.*, No. 4:21-CV-0910-O, 2022 WL 426593, at *14 (N.D. Tex. Feb. 11, 2022).  In any event, Rudder has not moved to amend his complaint or presented an amended complaint indicating that the United States has waived sovereign

immunity. Therefore, the Court overrules this objection and adopts Judge Bryant's recommendation.

### D. Rudder's Objection to the Magistrate Judge's Lack of Recusal

Rudder also appears to object to the magistrate judge's lack of recusal in this case. Dkt. No. 26 at 2–6. Rudder alleges that "it is highly unlikely, if not impossible, for the [magistrate judge] to be fair, neutral, and impartial in this case." *Id.* at 3. Rudder points to some portions in the FCR, seemingly upset with the magistrate judge's analysis and recommendation (*id.* at 4–5), and ultimately "demands an impartial[,] neutral[,] and fair ruling on his claim" (*id.* at 5).

A judge must be recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Because "the goal of § 455(a) 'is to exact the appearance of impartiality,' recusal may be mandated even though no actual partiality exists." *United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998) (quoting *Hall v. Small Bus. Admin.*, 695 F.2d 175, 178 (5th Cir. 1983)). The movant, however, "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). An adverse ruling does not show that a judge is biased. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). In fact, "judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Rudder fails to present any evidence that would lead a reasonable person with knowledge of the circumstances to doubt the magistrate judge's impartiality. *See* Dkt. No. 2–6. Rudder merely points to the magistrate judge's adverse conclusions and few critical

remarks. *Id.* Thus, Rudder presents no valid grounds for recusal, and this objection is overruled.

    **E.    Rudder's Objections to Denied Requests for Hearings and More Definite Statement**

Unrelated to the FCR, Rudder objects to the Court's previous orders denying his motions for a hearing and a more definite statement. Dkt. No. 1–2. The Court has already addressed those motions in its prior orders (*see* Dkt. Nos. 15, 17, 22, 24) and therefore does not address them again here. To the extent these objections may be construed as a motion to reconsider the denials of a hearing and a more definite statement, the motion is denied.

**4.    Conclusion**

Having considered all of Rudder's objections de novo, the Court overrules them. Accordingly, the Court accepts and adopts the FCR. Dkt. No. 20. Rudder's motion for a default judgment is denied. Dkt. No. 10. The government's motion to dismiss for lack of jurisdiction is granted. Dkt. No. 12. The Court thus dismisses all of Rudder's claims against the government under Rule 12(b)(1) without prejudice. And in light of the Court's dismissal of Rudder's claims, Rudder's motion to schedule a pretrial conference (Dkt. No. 27) is denied as moot. The Court will issue a judgment in accordance with this order.

    So ordered on December 21, 2022.

                                                            JAMES WESLEY HENDRIX
                                                            UNITED STATES DISTRICT JUDGE